UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                            Criminal No. 06-cr-208-JD

Omar Hervis

O R D E R

     Omar Hervis filed a motion (document no. 132), pursuant to Federal Rule of Criminal Procedure 41(g), for the return of property taken from him at the time of his arrest. The government did not file a response and was ordered to do so. The response (document no. 137) filed by the government did not comply with the evidentiary requirements of Rule 41(g) and United States v. Cardona-Sandoval, 518 F.3d 13, 15 (1st Cir. 2008). Therefore, the court ordered the government to file a supplemental response to comply with those requirements by February 3, 2010.

     In the meantime, Hervis's motion (document no. 132) was inadvertently denied, but that order was subsequently vacated (document no. 138). Hervis filed a motion to reconsider (document no. 141) the order that had been vacated. On February 3, 2010, the government filed an objection (document no. 142) to Hervis's motion for reconsideration.

The document docketed as an objection (document no. 142), however, is titled: "United States' Amended Response to Defendant's Motion for the Return of Property."  Therefore, it appears that the government may have intended document no. 142 to serve as its supplemental response.

In document no. 142, the government relies on the "affidavit" of DEA Special Agent Asa Moore to comply with the evidentiary requirements of Rule 41(g) and First Circuit precedent.  Although the "affidavit" submitted by the government states that Morse was duly sworn, his statement was not sworn to or affirmed before a notary public or another officer authorized to administer oaths.  See, e.g., Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2532 (U.S. 2009); Betouche v. Ashcroft, 357 F.3d 147,150 (1st Cir. 2004).  Because the statement was not signed under penalty of perjury, it does not comply with the requirements of 28 U.S.C. § 1746.  Therefore, the statement submitted by the government does not meet the requirements of an affidavit, and the response is not supported by other competent evidence.

Because the order denying Hervis's motion for the return of property was vacated, Hervis's motion for reconsideration (document no. 141) is moot.  To the extent the government intended document no. 142 as an objection to the motion for

reconsideration, it is also moot. To the extent the government intended document no. 142 to serve as its supplemental response, the response is insufficient because it is not supported by competent evidence, such as an affidavit, to support the factual issues that must be resolved to address Hervis's motion. Therefore, the government shall file a second supplemental response to Hervis's motion for the return of property (document no. 132), supported by competent evidence.

## Conclusion

For the foregoing reasons, the defendant's motion for reconsideration (document no. 141) is denied as moot. The government shall file a second supplemental response to the defendant's motion for the return of property (document no. 132) **on or before February 19, 2010.**

SO ORDERED.

                                                                                    _____
                                                                                    Joseph A. DiClerico, Jr.
                                                                                    United States District Judge

February 10, 2010

cc:   James D. Gleason, Esquire
       Kenneth P. Glidden, Esquire
       Gary J. Hill, Esquire
       Ash S. Joshi, Esquire
       Terry L. Ollila, Esquire
       John T. Pendleton, Esquire
       Sven D. Wiberg, Esquire