UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                                    Criminal No. 06-cr-208-JD
                                          Opinion No. 2010 DNH 034

<u>Omar Hervis</u>


### O R D E R

Omar Hervis was arrested in October of 2006 and pled guilty to conspiring to distribute and to possess with intent to distribute in excess of fifty grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846. Following a hearing on April 22, 2008, he was sentenced to 168 months of imprisonment. Hervis has filed a motion for the return of his property that was seized at the time of his arrest. The government has filed its response to Hervis's motion.

Federal Rule of Criminal Procedure 41(g) provides for the return of property taken from a criminal defendant at the time of his arrest, after the property is no longer needed as evidence. Property will not be returned if the defendant is not entitled to its possession or if the property is contraband or subject to forfeiture. <u>United States v. Cardona-Sandoval</u>, 518 F.3d 13, 15 (1st Cir. 2008). When a motion under Rule 41(g) is filed after the criminal proceedings have concluded, the motion is treated as

a civil equitable action.  Diaz v. United States, 517 F.3d 608, 610 (2d Cir. 2008).

If the defendant is legally entitled to the claimed property, the burden shifts to the government to establish a legitimate reason to retain the property.  Jackson v. United States, 526 F.3d 394, 397 (8th Cir. 2008); Bailey v. United States, 508 F.3d 738, 739 (5th Cir. 2007).  "Once seized property is no longer needed as evidence, a criminal defendant is presumed to have the right to its return."  United States v. Pierre, 484 F.3d 75, 87 (1st Cir. 2007).  "The court must receive evidence on any factual issue necessary to decide the motion."  Fed. R. Crim. P. 41(g).

In his motion, Hervis asks the government to return property that was taken, after his arrest, from his rental car and from the motel room where he had been staying.  He lists a keyholder with ten keys and two remote controls, two cell phones, a radar and laser detector, a can of beer, two pairs of sneakers, eleven disposable cameras, and approximately 300 compact discs and DVDs that were taken from his rental car.  He also seeks the return of internet wireless cards, an internet wireless detector, a computer keyboard and mouse, titles to two boats, a jet ski title, clothing, towels, and $20,380 in cash, which he contends were taken from the room he rented at a motel in Salisbury, Massachusetts.

The government's response to Hervis's motion relies on the affidavit of DEA Special Agent Asa Morse and documents related to the criminal investigation and the government's actions to return the property.[1]  The items taken from Hervis at the time of his arrest, a hat, watch, necklace, $120, and a black wallet with its contents, were turned over to Hervis's counsel, Kenneth Glidden. The items taken from Hervis's rental car and the hotel room where Hervis was staying, other than cash and two cell phones, which were destroyed, were returned to Leocadia Arroyo.[2]

The DEA agents who searched the hotel room also found $20,380 in cash in a backpack.  They gave $2,580 to Hervis's traveling companion, Sofia Rodriguez, who had two children with her, to pay for their trip home.  The remainder of the money, $17,800, was seized.  On November 29, 2006, notice of the seizure of the money was sent to Hervis's counsel, Attorney Glidden; to an address in Atlanta, Georgia, (which appears to be Arroyo's address); and to the Strafford County House of Corrections, where

---

[1] The government's initial response lacked evidentiary support.  The government's supplemental response relied on an unsworn statement.  The second supplemental response relies on Agent Moore's properly sworn affidavit, providing evidentiary support for the government's position.

[2] Although the government identifies Leocadia Arroyo as Hervis's mother, Arroyo identified herself, in an affidavit submitted in support of Hervis's objection to summary judgment in his habeas corpus proceeding, as Hervis's "live-in girlfriend."

3

Hervis was incarcerated.  Confirmations of the notices were received the next week.  Arroyo filed a claim for the cash, and $8,475.47 was sent to her.  The remainder of the money, $9,324.53, was forfeited by court order to the United States.

The receipt for items is signed by Arroyo.  Although the receipt lists a "Boost Mobile Phone" and a "T-Mobile Phone" as having been returned to Arroyo, Special Agent Moore states in his email that he missed the mobile phones listed by Hervis, a black Motorola 530 Nextel phone and a silver Motorola 560 "Boost Mobile" phone, when he put Hervis's property into the box and that when he found the phones, he destroyed them.  The receipt also indicates that a boat registration was listed but not returned.  Agent Morse states in his affidavit that the items listed by Hervis in his motion, which were not returned to Arroyo or destroyed, were not seized.

In summary, the government does not have any of the property Hervis seeks in his motion.  The government cannot be ordered to return property that it does not have.

Conclusion

For the foregoing reasons, the defendant's motion for return of property (doc. no. 132) is denied.

SO ORDERED.

*[signature: Joseph A. DiClerico, Jr.]*
Joseph A. DiClerico, Jr.
United States District Judge

February 23, 2010

cc:   James D. Gleason, Esquire
      Kenneth P. Glidden, Esquire
      Gary J. Hill, Esquire
      Ash S. Joshi, Esquire
      Terry L. Ollila, Esquire
      John T. Pendleton, Esquire
      Sven D. Wiberg, Esquire